UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| E. MOLNAR;<br>   55th Ave N,<br>   Plymouth, MN 55442<br><br>        Plaintiff<br><br>        v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland Security;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br>JOSEPH B. EDLOW, in his official capacity,<br>Director, U.S. Citizenship and Immigration Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>        Defendant(s). | Civil Action No. 1:25-cv-2695 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Suite 630, Rolling Meadows, IL 60008, Ph: (312) 767-9030, Facsimile: (312) 767-9030, Email: sadaf@jeelani-law.com.

1

# INTRODUCTION

COMES NOW E. MOLNAR[1], (hereinafter "Plaintiff MOLNAR" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1.      Plaintiff MOLNAR is the beneficiary of an approved Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("VAWA Petition"). On October 23, 2019, Plaintiff lawfully interfiled her self-petition with the United States Citizenship and Immigration Services ("USCIS") in connection with her pending Form I-485, Application to Register Permanent Residence or Adjust Status, based on her status as a victim of abuse and extreme cruelty perpetrated by her former U.S. citizen spouse (Receipt No. EAC2003450039). USCIS approved Plaintiff's Form I-360 on March 21, 2022, thereby entitling her to the approval of her pending Form I-485 ("Application") which has been pending since January 28, 2019.

2.      This action is brought as a result of Defendants' failure to adjudicate Plaintiff's Form I-485, Application within a reasonable period of time. Plaintiff's Form I-485 has been in pending status since January 28, 2019, for a period of over six years and six months (over 78 months or 2392 days), which is over seven times the historical average processing time as reported by USCIS for similar filings made in 2019,[2]. The Plaintiff has a clear right to adjudication of her Application within a timely manner. The final adjudication of the Application is a ministerial,

---

[1] At the time of filing the Form I-130 and Form I-485, the Plaintiff submitted the applications under her married name, E. SWETT, which was her legal name during the marriage. On January 28, 2019, Plaintiff's then-spouse submitted Form I-130, Petition for Alien Relative (Receipt No. MSC1990543979), to the United States Citizenship and Immigration Services ("USCIS"). That same day, Plaintiff properly filed Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt No. MSC1990543978), with USCIS, based on the pending I-130 petition. Subsequently, in October 2019, following the breakdown of her marriage due to abuse by her former U.S. citizen spouse, Plaintiff filed Form I-360 under the Violence Against Women Act ("VAWA").

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

4. Plaintiff E. MOLNAR is a citizen of Hungary and for purposes of the instant action she is a resident of Hennepin County, Minnesota. She is the beneficiary of an approved Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant. The approved VAWA Petition allows beneficiary qualification for her to adjust her status to that of a permanent resident of the United States. Plaintiff MOLNAR is the applicant of a Form I-485, Application for Adjustment of Status.

5. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

7. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

9. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which at least one of the Defendants resides.

## EXHAUSTION OF REMEDIES

10. The Plaintiff has repeatedly requested the Defendants to make a final decision on the Application.

11. The Plaintiff has exhausted her administrative remedies. The Plaintiff has supplied USCIS with documents that establish her eligibility for approval of the Application.

12. There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

13. On October 23 2019, Plaintiff MOLNAR properly filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, naming herself as a beneficiary (Receipt# EAC2003450039), and interfiled it with her previously submitted Form I-485 Application to Register Permanent Resident or Adjust Status, (filed January 28, 2019, Receipt# MSC1990543978). **[EXHIBIT A]**. She sought adjustment of status based on her eligibility as a self-petitioner under the Violence Against Women Act.

14. On March 21, 2022, USCIS approved Plaintiff's Form I-360 Petition, thereby rendering her eligible for approval of her Form I-485, Application for Adjustment of Status. **[EXHIBIT A].**

15. On February 21, 2019, Plaintiff MOLNAR appeared at the designated USCIS Application Support Center, where she completed her required biometrics appointment. **[EXHIBIT B].**

16. Plaintiff was initially scheduled for an adjustment of status interview on November 21, 2019; however, she was unable to complete the interview due to the dissolution of her marriage. She was later scheduled for a second interview on January 7, 2020, but USCIS cancelled the interview without providing any explanation or notice of the reason for the cancellation. **[EXHIBIT C].**

17. Plaintiff's Form I-485 Application for Adjustment of Status continues to be pending with USCIS for over six years and six months (over 78 months or 2392 days).

18. Plaintiff has made numerous inquiries over the past six years and six months since the filing of her Form I-485 with USCIS and has requested an adjudication of her Application.

19. Plaintiff's inquiries have not resulted in any meaningful responses from USCIS.

20. USCIS has published a historical average processing time in 2019 of 10.9 months for the adjudication of Form I-485. Plaintiff's Application has been pending for over 78 months, which is over seven times the historical average processing time as reported by USCIS.

21. Defendants have refused to provide further explanation which would merit the need for over seven times the historical average processing times for the adjudication of Plaintiff's Application.

22. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that her case remains unadjudicated.

23. Plaintiff MOLNAR has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

24. Moreover, Plaintiff has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA - FORM I-485

25. All prior paragraphs are re-alleged as if fully stated herein.

26. Plaintiff MOLNAR has a statutory right to apply for adjustment of her status to a permanent resident by filing Form I-485, Application for Adjustment of Status.

27. Defendants have a duty to adjudicate Plaintiff MOLNAR's Application within a reasonable period of time under 5 U.S.C. §555(b).

28. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

29. No other adequate remedy is available to Plaintiff.

30. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her Application.

31. Given the Defendants' lack of a reason for not making a decision on Plaintiff MOLNAR's Application for over the past the six years and six months (over 78 months or 2392 days) since the filing of her Form I-485, Plaintiff's Application has been pending for an unreasonably long period of time.

32.     Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

33.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff MOLNAR's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff MOLNAR's case.

34.     Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff MOLNAR's Application, thereby depriving Plaintiff of the rights to which she is entitled.

35.     In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Furthermore, Plaintiff MOLNAR has been unable to receive her permanent resident status and has lost time which would have accrued towards her qualification to naturalize as a U.S. Citizen.  In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  August 15, 2025                           Respectfully submitted,

                                                                  /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
sadaf@jeelani-law.com
**Phone:(312) 767-9030**
**Fax:(312) 549-9981**
*Counsel for Plaintiffs*